A99A0833. SCOTT et al. v. CARTER et al.
(521 SE2d 835)

PHIPPS, Judge.

Appellants-plaintiffs, Marquisse D. Scott and Stacey D. Scott, appeal the trial court's order enforcing a settlement agreement between the Scotts and appellees-defendants, Christopher M. Carter and Georgia Blacktop Paving, Inc. The Scotts contend that the trial court erred because fact issues remain regarding the existence of the settlement agreement and their consent to the settlement.

The record reflects that the attorneys of record for the Scotts in the trial court included Andrea R. Bennett, D. Keith Calhoun and John Sowa. It is undisputed that the parties agreed to mediate this personal injury action, which arose from a collision between a vehicle

driven by Marquisse Scott and a truck owned by Georgia Blacktop Paving, Inc. and operated by its employee, Carter. Mr. Scott, his attorney (Calhoun), counsel for appellees (Neal C. Scott) and the mediator (Lloyd W. Hoffspiegel) were all present at the mediation. The parties agree that a $60,000 offer was made to settle the case during the mediation on December 15, 1997, but disagree about whether the offer was accepted at that time.

Calhoun submitted an affidavit in connection with the motion to enforce the settlement that supports appellees' contention that the offer was accepted at the mediation. According to Calhoun, the following transpired:

> After several hours of mediation, Marquisse Scott finally authorized a settlement demand of $60,000. I communicated this demand, made with Marquisse Scott's express approval, to Mr. Hoffspiegel in my client's presence. Mr. Hoffspiegel then left the room and returned a few minutes later after caucusing with Defendants' counsel and informed Marquisse Scott and me that the Defendants had agreed to settle the case for that amount, $60,000. Defendants' counsel then entered the room, and I witnessed Marquisse Scott directly confirm the fact and amount of the settlement to him.

In contrast, Mr. Scott claims that the December 15, 1997 mediation session ended without a settlement and that Calhoun did not agree with appellees' counsel to settle the case on that date or thereafter.

Following the mediation session, appellees' counsel sent a letter dated December 17, 1997, to Calhoun confirming the settlement reached at the mediation. In his affidavit, Calhoun acknowledges that the letter accurately confirmed the settlement. Thereafter, when Scott and his counsel were unable to resolve a fee dispute, Scott terminated their services. On January 5, 1998, Calhoun informed appellees' counsel that he and his firm had been terminated and that Scott intended to disclaim the settlement.

Appellees' counsel contends Calhoun informed him several days later that the Scotts had reconsidered the termination of their counsel and decided to go forward with the settlement. In response, appellees' counsel forwarded a settlement check in the amount of $60,000, a voluntary dismissal and a release and indemnity agreement. Subsequently, appellees' counsel was informed that the settlement would not go forward and of the appearance of new counsel for the Scotts. Appellees then filed their motion to enforce the settlement.

The trial judge granted appellees' motion to enforce the settlement agreement, finding that the Scotts were bound by the settle-

ment agreement reached by their attorney of record, which was established orally and then by letter dated December 17, 1997. The trial court found no evidence of any dispute that oral and written agreements were reached between the attorneys for the parties.

We review the trial court's decision de novo, under the same standards applicable to a motion for summary judgment. *Superglass Windshield Repair v. Mitchell*, 233 Ga. App. 200 (504 SE2d 38) (1998). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." OCGA § 9-11-56 (c).

We agree with the trial court that the Scotts' attorney had authority to enter into a binding settlement agreement on their behalf. Uniform Superior Court Rule 4.12 provides that "[a]ttorneys of record have apparent authority to enter into agreements on behalf of their clients in civil actions. Oral agreements, if established, are enforceable." The parties agree that Calhoun was attorney of record for the Scotts at the time of the mediation and for some limited time thereafter.

Under Georgia law, an attorney's apparent authority

may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. Therefore, from the perspective of the opposing party, in the absence of knowledge of express restrictions on an attorney's authority, the opposing party may deal with the attorney as if with the client, and the client will be bound by the acts of his attorney within the scope of his apparent authority.

(Citations omitted.) *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 675 (308 SE2d 544) (1983). It is undisputed that no limitations on Calhoun's authority were communicated to appellees' counsel prior to January 5, 1998. Calhoun therefore had authority to bind the Scotts to a settlement at the mediation or at any time thereafter, provided it was prior to notification to appellees' counsel either that his authority was limited or that he was no longer employed by the Scotts. *Clark v. Perino*, 235 Ga. App. 444, 449 (2) (509 SE2d 707) (1998).

We disagree with the trial court that there is no dispute as to the existence of the oral settlement. Counsel for both parties submitted affidavits stating that they reached an oral settlement agreement at the mediation in the presence of Scott, who denies that any such settlement was reached. Therefore, a dispute exists whether an oral settlement was reached at the mediation on December 15, 1997.

"[W]here the very existence of the agreement is disputed, it may only be established by a writing." *LeCroy v. Massey*, 185 Ga. App. 828, 829 (366 SE2d 215) (1988). Ideally, the writing requirement will be met by a formal agreement signed by the parties. "However, letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice." *Brumbelow*, supra at 676. The settlement here was memorialized in the December 17, 1997 letter, which counsel for both parties agree sets forth the terms of the settlement.[1]

The Scotts also dispute any written settlement and contend in their affidavits that Calhoun did not agree to settle the case at any time. They cannot, however, have personal knowledge of all actions taken by their attorney. Because affidavits must be made on personal knowledge, the Scotts' statements regarding actions by Calhoun that may have taken place outside their presence are improper. In addition, the statements are conclusory, unsupported by facts properly before the court and attempt to answer one of the ultimate issues in this case. As a result, the statements are not sufficient to defeat appellees' motion. See OCGA § 9-11-56 (e); *Collins v. West American Ins. Co.*, 186 Ga. App. 851, 852 (3) (368 SE2d 772) (1988) (conclusory allegations by way of an affidavit will not be sufficient to avoid summary judgment).

Accordingly, we hold that a settlement was reached and subsequently memorialized in the December 17, 1997 letter from appellees' counsel to Calhoun. We further hold that, at that time, Calhoun had authority to bind the Scotts to a settlement agreement. That agreement should be enforced.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 24, 1999 —
RECONSIDERATION DENIED SEPTEMBER 9, 1999

*Michael B. King*, for appellants.
*Neal C. Scott*, for appellees.

---

[1] Although appellees contend that a January 22, 1998 letter from their counsel to another of appellants' attorneys of record further confirms the settlement, the record does not reflect any agreement by appellants' counsel to the specific terms of that letter.