## S04A1287. NEWCOMER v. NEWCOMER.
(606 SE2d 238)

HINES, Justice.

Charlie A. Newcomer III, appeals from the trial court's order dismissing his complaint, which sought to avoid the exercise of a real estate option. For the reasons that follow, we affirm.

Mary Lynn Owens Newcomer died on March 23, 1976. Her will named her husband, Charlie A. Newcomer, Jr. ("Newcomer, Jr."), as executor, and placed her house and surrounding five acres of land into a trust, with the Fulton National Bank named as trustee. Her husband was to receive a life estate in the realty, the remainder to be held in trust for their two children, Charlie A. Newcomer III and Mary Ellen McGuire. In 1978, Newcomer, Jr. married Nell L. Watson Newcomer ("Ms. Newcomer"). Fulton National Bank never formally assumed management of the trust; Newcomer, Jr. handled the affairs of both the estate and the trust. In 1994, purportedly as "sole acting trustee," he executed an option allowing Ms. Newcomer to purchase a life estate in the realty, at some time in the next five years; the option could be extended for another five years. Just prior to Newcomer, Jr.'s death in 1999, Ms. Newcomer extended the option. After the death of Newcomer, Jr., Charlie A. Newcomer III and Mary Ellen McGuire were appointed co-trustees under the will of Mary Lynn Owens Newcomer.

In 2000, Ms. Newcomer attempted to exercise the option and purchase the life estate from the trustees. The trustees refused to honor the option or proceed with the sale, and filed suit "to remove cloud on title." Ms. Newcomer answered and counterclaimed for specific performance, and the trustees ("Newcomer III")[1] amended the complaint to include four counts;[2] cancellation of the option as a cloud on title, ejectment, a declaratory judgment that the option was null and void, and enforcement of a purported settlement agreement. The trial court denied Newcomer III's motion to enforce the purported settlement agreement; Newcomer III also moved for summary judgment.

---

[1] During the course of the litigation, a pleading was filed stating that Mary Ellen McGuire was ill and unable to further act and that Charlie A. Newcomer III would go forward for the trustees.

[2] The complaint was amended four times.

Ms. Newcomer asserted that the complaint, as amended, failed to state any claim upon which relief could be granted, and moved to dismiss the amended complaint.[3] The trial court granted the motion, and Newcomer III appeals.

1. There was no error in the trial court's denial of the motion to enforce the purported settlement agreement, which dealt with issues concerning the interests in the real estate. The settlement document stated on its face that: (1) it was an "Agreement in principal only"; (2) time was of the essence and it was to be performed within 45 days of May 15, 2002; and (3) it was entirely contingent upon the agreement of Mary Ellen McGuire. Although McGuire purported to agree to the settlement on the last day of the period set forth, she signed the settlement document only after it was altered. This constituted a counter-offer, not the acceptance of an offer, and no agreement to settle was formed. See OCGA § 13-3-2; *Destag of North America v. LAN Intl.*, 236 Ga. App. 476, 478 (512 SE2d 365) (1999). Further, the settlement did not merely require a signature of agreement within 45 days, but that certain acts such as the execution of other documents occur within that time. It is undisputed that those acts did not occur in the time set forth.

2. The trial court did not err in dismissing the remaining counts of the amended complaint. Newcomer III sought the aid of equity to remove a cloud upon title.

> The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove actual possession in himself. [Cits.] The reason of this rule is that where the defendant is in possession the plaintiff has a remedy to test his title at law by bringing an action in ejectment, which is ordinarily deemed an adequate remedy, and in consequence there is no ground for the exercise of equitable jurisdiction, which is based upon the fact that where the plaintiff is in possession he can maintain no action at law to test his title.

*Vaughan v. Vaughan*, 253 Ga. 76, 77 (317 SE2d 201) (1984), quoting *Mentone Hotel & Realty Co. v. Taylor*, 161 Ga. 237 (1) (130 SE 527) (1925). The trial court correctly applied this rule; Newcomer III did not allege to be in possession of the property. Therefore, the requested equitable intervention was not available.

---

[3] The motion constituted a motion for judgment on the pleadings, based on the failure to state a claim. See OCGA § 9-11-12 (h) (2).

Nor did Newcomer III properly pursue an ejectment action at law. OCGA § 44-11-12 requires a plaintiff to attach a title abstract to the complaint. This was not done. In its order dismissing the ejectment count, the trial court noted this failure, and ordered that: "Plaintiffs amend their complaint and attach an abstract to [it] or in the alternative; allege facts showing title in Plaintiffs as prescribed for in *Foster v. Rowland*, 194 Ga. 845 (1942), within thirty (30) days from the date of this order." However, Newcomer III did neither, and the court, correctly, dismissed this claim.

Similarly, the court was correct in dismissing the claim seeking a declaratory judgment; Newcomer III did not present to the court any question of uncertainty of rights or propriety of future action. See *Gwinnett County v. Blaney*, 275 Ga. 696, 703-704 (1) (572 SE2d 553) (2002).

As the amended complaint failed to state any claim upon which relief could be granted, Newcomer III fails in the assertion that the trial court should have granted his motion for summary judgment. Summary judgment requires that the moving party be entitled to judgment as a matter of law. OCGA § 9-11-56 (c). Newcomer III failed to present any legally cognizable claim.

3. Newcomer III also asserts that the trial court should have disqualified Ms. Newcomer's counsel from the litigation, as he was a potential witness concerning the preparation and execution of the option. But, counsel was not competent to testify as to such matters. See OCGA § 24-9-25. Therefore, the trial court did not err in denying the motion.

4. Finally, Newcomer III urges that certain remarks Ms. Newcomer made in a pleading were offensive and immaterial and should have been stricken. The motion to strike certain portions of the pleading was filed on March 7, 2003; the remarks cited in that motion were made in a brief served on November 26, 2002. Such a motion to strike may be made within 30 days of the service of the pleading. OCGA § 9-11-12 (f). Accordingly, the trial court did not err in denying the motion.

*Judgment affirmed. Sears, P. J., Benham, Hunstein, Carley and Thompson, JJ., and Chief Judge J.D. Smith, concur. Fletcher, C. J., disqualified.*

DECIDED NOVEMBER 22, 2004 —
RECONSIDERATION DENIED DECEMBER 9, 2004.

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellant.
*John T. Croley*, for appellee.