A05A1176. GREENWALD et al. v. KERSH et al.
(621 SE2d 465)

JOHNSON, Presiding Judge.

Gary Greenwald and Denise Greenwald appeal the trial court's order enforcing a settlement agreement between the Greenwalds and

---

Martin E. Kersh, Jill G. Kersh, 1st Magnolia Homes, Inc., and Henry Burns, Sr. (collectively, the "defendants"). We affirm for the reasons set forth below.

The Greenwalds sued their neighbors, the Kershes, and the builders of the Kershes' new house, 1st Magnolia and Burns, for trespass and nuisance, claiming that the "grading of and deposit of dirt onto the Kershes' property had altered the flow of surface water from the Kershes' land and caused the Greenwalds' property to flood."[1] Following our reversal of the trial court's grant of summary judgment to the Kershes in *Greenwald v. Kersh*,[2] the Greenwalds and the defendants entered into mediation, resulting in the execution of a settlement agreement by all parties. Under the terms of the settlement agreement, the defendants agreed to pay the Greenwalds $50,000, and to construct a "brick retaining wall adjacent to the driveway on [the Kershes' property] in the location shown on the attached plan."

The Greenwalds filed a motion to enforce the settlement agreement claiming, among other things, that the defendants had failed to construct the retaining wall. The Kershes filed a cross-motion to enforce the settlement agreement, contending that the retaining wall was being constructed in accordance with the terms of the settlement agreement. After a hearing, the trial court found that a retaining wall had been constructed on the Kershes' property, and that the defendants had restored the slope outward from the wall so that "the embankment and swale conform to the topography at the time the settlement was reached." The trial court directed the parties to sign the dismissal documents and exchange funds as provided in the settlement agreement.

On appeal, the Greenwalds contend the trial court erred in enforcing the settlement agreement because the defendants had failed to restore the Kershes' property to grade as required by the settlement agreement or, alternatively, that there was no meeting of the minds between the parties. We disagree.

The trial court's construction of the settlement agreement is a matter of law subject to de novo review.[3] "[A] settlement agreement

---

[1] *Greenwald v. Kersh*, 265 Ga. App. 196, 197 (593 SE2d 381) (2004).

[2] Id.

[3] See *Knott v. Knott*, 277 Ga. 380, 381 (2) (589 SE2d 99) (2003). We also conduct a de novo review of the factual basis for a trial court's ruling on a motion to enforce a settlement agreement if the parties rely on submission of affidavits and other evidence similar to that considered by a trial court in a ruling on motion for summary judgment. See *Superglass Windshield Repair v. Mitchell*, 233 Ga. App. 200 (504 SE2d 38) (1998); *Southern Med. Corp. v. Liberty Mut. Ins. Co.*, 216 Ga. App. 289, 290-291 (1) (454 SE2d 180) (1995). Here, the parties moved for enforcement of the settlement agreement based on motions and attached affidavits which are included in the record, but the trial court's findings of fact relevant to its ruling were

must meet the same requirements of formation and enforceability as other contracts. Only when a meeting of the minds exists will an agreement be formed. But the law also favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced."[4]

At issue is the trial court's construction of the settlement agreement's provision that "all dirt and swale[5] adjacent to the wall on [the Kershes' property] be restored to grade." The Greenwalds claim the intent of the parties was that the defendants return the grade in front of the retaining wall to the topography that existed before construction of the Kershes' residence. The trial court found that the defendants' restoration of the topography at the time of the settlement agreement was sufficient to demonstrate their compliance. While the term "restore to grade" is not defined in the settlement agreement, the property to be restored to grade is "that dirt and swale adjacent to the wall." The "wall" is the retaining wall to be constructed by the defendants under the terms of the settlement agreement, and that construction would necessarily disturb the adjacent "dirt and swale." Thus, a reasonable construction of the settlement agreement requires the grade of this adjacent material to be restored to that grade in existence at the time of the settlement agreement and before the construction of the wall. In order to interpret the settlement agreement as contended by the Greenwalds, "restore to grade" must refer to the grade in existence before the Kershes began to construct their home, but there is no reference in the settlement agreement to this pre-existing topography. While the Greenwalds argue the proper grading is shown in the plans attached to the settlement agreement, the settlement agreement does not require the property to be regraded in accordance with the plans, but only that the wall be built "in the location" specified by the plans. Accordingly, we conclude that the settlement agreement is unambiguous, and the trial court correctly enforced the agreement in accordance with its terms.[6]

based in part on a hearing which was not included in the record. From our review of the record, it appears likely that the trial court's finding that construction of the retaining wall had been completed and that the parties did not engage in face to face negotiations was based on either admissions of counsel or evidence adduced at the hearing. As the Greenwalds requested that the hearing transcript not be included in the record, we must accept the trial court's findings of fact to the extent they appear to be based on this hearing. See, e.g., *Rice v. Baker*, 264 Ga. App. 704, 704-705 (1) (592 SE2d 186) (2003) (burden is on the party alleging error to show it affirmatively by the record).

[4] (Citation omitted.) *Vildibill v. Palmer Johnson of Savannah, Inc.*, 244 Ga. App. 747, 748 (1) (536 SE2d 779) (2000).

[5] A "swale" is a depression which allows for surface water drainage. See *Pelham Phosphate Co. v. Daniels*, 21 Ga. App. 547, 556 (94 SE 846) (1918).

[6] See *Guthrie v. Guthrie*, 277 Ga. 700, 703 (2) (594 SE2d 356) (2004) (where language of

The Greenwalds further contend the trial court erred in enforcing the settlement agreement because there was no meeting of the minds between the parties.[7] The trial court found the Greenwalds had intended "the pre-litigation topography to be restored." However, the trial court further held there was nothing presented showing that the defendants knew of the Greenwalds' intent or that the defendants' intent was to do anything other than what they did.

> [C]ourts apply an objective theory of intent whereby one party's intention is deemed to be that meaning a reasonable man in the position of the other contracting party would ascribe to the first party's manifestations of assent, or that meaning which the other contracting party knew the first party ascribed to his manifestations of assent.[8]

The Greenwalds' objective manifestation of intent was shown through the express language of the settlement agreement, and there is no evidence that the defendants were aware of the meaning the Greenwalds ascribed to the settlement agreement.[9] "It was long ago settled, that in the making of contracts secret intent was immaterial, only overt acts being considered in determining whether or not the parties to an agreement had agreed to the same thing in the same sense."[10] The trial court did not err in enforcing the settlement agreement.

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED JUNE 22, 2005 —
RECONSIDERATION DENIED OCTOBER 5, 2005.

*Leon A. Van Gelderen, Stephen M. Levinson, Francis C. Schenck,* for appellants.

*Hawkins & Parnell, Teresa E. Lazzaroni, Warner S. Fox, Arnall, Golden & Gregory, James A. Gober, David R. Perry, James T. Perry,* for appellees.

---

settlement agreement is plain and unambiguous and the intent clearly gathered therefrom, the court need look no further).

[7] The Greenwalds also assign error to the trial court's alleged statement that the settlement agreement was both ambiguous and not ambiguous. However, the trial court did not find that the settlement agreement was both ambiguous and unambiguous.

[8] (Footnote omitted.) *Legg v. Stovall Tire & Marine,* 245 Ga. App. 594, 596 (538 SE2d 489) (2000).

[9] Compare *Cox Broadcasting Corp. v. Nat. Collegiate Athletic Assn.,* 250 Ga. 391, 396 (297 SE2d 733) (1982) (because parties knew they had different intent with respect to certain language in the contract before it was entered into there was no meeting of the minds).

[10] *Verdery v. Withers,* 30 Ga. App. 63, 72 (116 SE 894) (1923).