## A05A1099. DeROSSETT ENTERPRISES, INC. v. GENERAL ELECTRIC CAPITAL CORPORATION.

(621 SE2d 755)

RUFFIN, Chief Judge.

DeRossett Enterprises, Inc. ("DeRossett") appeals from the trial court's order granting a motion by General Electric Capital Corporation ("GE Capital") to enforce a settlement agreement between the parties. DeRossett also appeals the trial court's award to GE Capital of attorney fees incurred in enforcing the agreement. DeRossett contends that, for various reasons, the parties never entered into a binding settlement agreement. Because we agree with the trial court that there was a binding settlement agreement, we affirm that portion of the trial court's order enforcing the agreement. However, we reverse that portion of the trial court's order awarding attorney fees to GE Capital and remand for further proceedings.

We apply a de novo standard of review to a trial court's order on a motion to enforce a settlement agreement.[1] Because the issues raised are analogous to those in a motion for summary judgment, in order to succeed on a motion to enforce a settlement agreement, "a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [appellant's] case."[2] Thus, we view the evidence in a light most favorable to the nonmoving party, DeRossett.[3]

GE Capital filed suit against DeRossett to recover a credit card debt of $5,643.07. DeRossett counterclaimed, seeking class action status. GE Capital's counsel and DeRossett's former counsel, Henry Stringfellow, discussed settlement of the claims. GE Capital contends that it offered to pay DeRossett $15,000 plus forgiveness of the debt owed on the credit card, which DeRossett disputes. On April 16, 2004, however, Stringfellow sent GE Capital a letter accepting a settlement offer for $15,000 and attorney fees. GE Capital treated this letter as a counteroffer, which it accepted by letter dated April 23, 2004. At the time, GE Capital believed that DeRossett's attorney fees were approximately $19,000.

On April 26, 2004, DeRossett's new counsel, David Rawlins, sent GE Capital a letter stating that Stringfellow would no longer be DeRossett's counsel and that DeRossett intended to withdraw "the offer which you purport to accept in your April 23rd letter." Rawlins

---

[1] See *Carey v. Houston Oral Surgeons*, 265 Ga. App. 812, 817 (2) (595 SE2d 633) (2004).

[2] (Punctuation omitted.) *Superglass Windshield Repair v. Mitchell*, 233 Ga. App. 200 (504 SE2d 38) (1998).

[3] See, e.g., *Scott v. Carter*, 239 Ga. App. 870, 872 (521 SE2d 835) (1999) (same standards apply to motion to enforce settlement agreement as apply to motion for summary judgment).

admitted, however, that Stringfellow "did not have time to withdraw the offer made [on] behalf of DeRossett Enterprises, Inc. prior to receiving [the] April 23rd letter." GE Capital asserted that, as of April 23, the parties had reached a binding settlement, which GE Capital then sought to enforce.

Following a hearing, the trial court held that the April 16, 2004 letter was a counteroffer, because it contained an additional material term not previously agreed upon, the payment of attorney fees; that the April 23, 2004 letter was an acceptance of that counteroffer; and that these two letters "created a valid, binding settlement agreement between [GE Capital] and DeRossett."

1. In its first enumeration of error, DeRossett asserts that the parties did not have a binding settlement agreement because there was no meeting of the minds on all of the essential terms of the contract. A settlement agreement is a contract, and it "must meet the same requirements of formation and enforceability as other contracts. Only when a meeting of the minds exists will an agreement be formed. [However,] the law . . . favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced."[4]

DeRossett argues that its April 16 letter was not a counteroffer because it purported to accept an offer different from the one made. Under Georgia law, however, a purported acceptance of a settlement offer that imposes conditions or otherwise varies the offer is construed as a counteroffer.[5] And GE Capital accepted the terms of the counteroffer. This was sufficient to create a settlement agreement, as "[a] definite offer and complete acceptance, for consideration, create a binding contract."[6]

Alternatively, DeRossett contends that the agreement cannot be enforced because the parties did not have a meeting of the minds as to the specific amount of attorney fees. A contract is enforceable when its terms are "expressed in language sufficiently plain and explicit to convey what the parties agreed upon."[7] The April 23, 2004 letter accepted the offer to pay $15,000 and DeRossett's attorney fees, stating: "it is my understanding based on our conversation last week that DeRossett's attorneys fees in this action are approximately

---

[4] (Punctuation omitted.) *Greenwald v. Kersh*, 275 Ga. App. 724 (621 SE2d 465) (2005).

[5] See *Newcomer v. Newcomer*, 278 Ga. 776, 777 (1) (606 SE2d 238) (2004); *Gill v. B & R Intl.*, 234 Ga. App. 528, 531 (1) (b) (507 SE2d 477) (1998).

[6] *Moreno v. Strickland*, 255 Ga. App. 850, 852 (1) (567 SE2d 90) (2002); see also *Paul Dean Corp. v. Kilgore*, 252 Ga. App. 587, 590-591 (1) (556 SE2d 228) (2001) (letters exchanged by parties' attorneys create an enforceable contract "if they memorialize the terms of the agreement") (punctuation omitted).

[7] (Punctuation omitted.) *Mon Ami Intl. v. Gale*, 264 Ga. App. 739, 742 (2) (592 SE2d 83) (2003).

$19,000. Please provide me with verification of the exact amount at your earliest convenience." This language establishes that the parties agreed upon the payment of attorney fees incurred in the case to that point.[8] The exact dollar amount of the attorney fees was not an essential term of the contract, such that its absence rendered the contract incomplete, as GE Capital agreed to pay the fees upon verification.[9]

DeRossett also points to GE Capital's conduct subsequent to its April 23 letter as evidence that there was no settlement. In May 2004 GE Capital entered into a joint motion to continue the trial date and then agreed to an extension of the discovery period into August 2004. DeRossett contends that these actions are inconsistent with settlement, demonstrating that GE Capital did not believe the case had settled.

DeRossett has cited no case in support of its argument that we should look to a party's subsequent conduct in determining whether it entered into a valid contract. Moreover, to the extent DeRossett is arguing that GE Capital waived its right to enforce the settlement agreement, we agree with the trial court that GE Capital's post-settlement conduct was consistent with its right to enforce the settlement agreement. On at least one occasion prior to filing the motion to enforce the settlement agreement, GE Capital informed DeRossett in writing that it believed there was a binding agreement between them. The extensions of the trial date and of the discovery period were not inconsistent with GE Capital's attempts to resolve the dispute over the settlement agreement without court intervention. Thus, we agree with the trial court that an enforceable settlement agreement existed between DeRossett and GE Capital.[10]

2. Next, DeRossett argues that the trial court erred in holding that a binding settlement agreement existed because it based this holding on a disputed fact. The fact in dispute is the settlement terms originally offered by GE Capital to Stringfellow by telephone. GE Capital states that it offered to pay DeRossett $15,000 and forgive his debt. DeRossett contends that the offer was for $15,000 plus attorney fees, which is what Stringfellow purported to accept in his April 16, 2004 letter. The trial court adopted GE Capital's version of events in its findings of fact.

---

[8] See, e.g., *Thompson v. Pulte Home Corp.*, 209 Ga. App. 558, 559-560 (1) (434 SE2d 89) (1993).

[9] See *Capitol Materials v. Kellogg & Kimsey, Inc.*, 242 Ga. App. 584, 586-587 (3) (530 SE2d 488) (2000); *Stacey v. Jones*, 230 Ga. App. 213, 215 (2) (495 SE2d 665) (1998).

[10] See *Crystal Cubes of Stone Mountain v. Kutz*, 201 Ga. App. 338, 339 (1) (411 SE2d 53) (1991).

Because this action is analogous to a motion for summary judgment, we are concerned only with disputes over material facts.[11] The nature and terms of the verbal offer are not material facts that would change the outcome of the case.[12] The trial court concluded, as we concluded above, that the parties' exchange of letters, and not the verbal offer, produced the binding settlement agreement. And the text of the letters is not disputed. Accordingly, any error by the trial court as to this disputed fact was immaterial to its ultimate decision and is not grounds for reversal.[13]

3. DeRossett claims the trial court erred by holding that, under the terms of the settlement agreement, it was only entitled to recover attorney fees incurred through April 23, 2004. DeRossett argues that there was no basis for the trial court to determine what the parties intended when they included attorney fees in the settlement. As discussed in Division 1, however, the language of the two letters sufficiently establishes that the parties agreed upon the payment of attorney fees incurred in the case to that point. Moreover, it is not reasonable to conclude that the parties contemplated GE Capital paying attorney fees incurred during the protracted dispute over enforcing the settlement. This enumeration of error, therefore, lacks merit.

4. The trial court also ordered DeRossett to pay GE Capital's attorney fees and costs associated with filing the motion to enforce the settlement agreement. DeRossett objects, arguing that the trial court erred (1) in failing to either identify the statutory basis for the award or to set forth findings to support the award; and (2) in failing to conduct an evidentiary hearing on the issue of attorney fees.

Attorney fees shall be awarded for frivolous litigation when a party "has asserted a claim, defense, or other position with respect to which there existed . . . a complete absence of any justiciable issue of law or fact"[14] or when a party takes an action "that lacked substantial justification or . . . was interposed for delay or harassment, or . . . unnecessarily expanded the proceeding by other improper conduct."[15] The trial court must conduct a hearing on a motion for attorney fees and make findings of fact that specify the conduct upon which the award is made.[16] Because we agree that in this case the trial court did not make specific findings identifying the conduct

---

[11] See *Clark v. Perino*, 235 Ga. App. 444, 447-449 (2) (509 SE2d 707) (1998).

[12] See *Nat. Business Acquisitions v. Mandula*, 245 Ga. App. 14, 15 (1) (537 SE2d 162) (2000).

[13] See id.

[14] OCGA § 9-15-14 (a).

[15] OCGA § 9-15-14 (b).

[16] See *MacDonald v. Harris*, 266 Ga. App. 287, 288 (597 SE2d 125) (2004).

giving rise to the award, we reverse that portion of the trial court's order awarding attorney fees to GE Capital.[17] Upon remand, the trial court "is directed to reconsider the award of attorney fees . . . under OCGA § 9-15-14, enter appropriate findings of fact, and enter a new judgment from which the losing party may appeal."[18]

5. In light of our holding in Division 4, DeRossett's remaining enumeration of error is moot.

*Judgment affirmed in part and reversed in part. Case remanded for further proceedings. Johnson, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 2, 2005.

*David D. Rawlins*, for appellant.
*King & Spalding, S. Stewart Haskins II*, for appellee.

---

[17] See id.

[18] (Punctuation omitted.) *La Petite Academy v. Prescott*, 234 Ga. App. 32, 35 (2) (506 SE2d 183) (1998).