## A06A2218, A06A2219. INTERFINANCIAL MIDTOWN, INC. v. CHOATE CONSTRUCTION COMPANY (two cases).

(644 SE2d 281)

MIKELL, Judge.

These companion cases arise from a protracted dispute between Interfinancial Midtown, Inc. (Interfinancial), the owner of some Atlanta property, and Choate Construction Company (Choate), which did construction work on that property and then filed a lien and a suit for breach of contract when it was not paid. Though the parties entered into a settlement agreement, they were soon at odds on its meaning. In Case No. A06A2218, Interfinancial appeals from the trial court's denial of its motion for summary judgment on the contract; in Case No. A06A2219, it appeals from the trial court's grant of Choate's motion to enforce the settlement agreement and its award of fees. We find that the trial court did not err when it denied Interfinancial summary judgment on the contract and enforced the settlement agreement, but that the latter provided only for the survival of Choate's lien, and not for any payment arising from a sale of the property. We therefore affirm in Case No. A06A2218, affirm in part and reverse in part in Case No. A06A2219, and vacate and remand for further proceedings on fees.

The record shows that in June 2001, Choate and Interfinancial entered into a contract under which Choate agreed to build townhouses on property owned by Interfinancial. The contract provided that "[a]ll claims, disputes or other matters in question between the parties . . . shall be resolved by mediation, litigation, or arbitration as specified in this Article." The contract went on to specify that

> [a]s a condition precedent to initiating any litigation or arbitration . . . , *the parties shall make a good faith effort to mediate a resolution of the dispute with the assistance of a qualified mediator to be chosen by agreement of the parties.* In the event that the parties are unable to agree upon a qualified mediator, a mediator shall be designated by the Atlanta Regional Office of the American Arbitration Association ("AAA"). The mediation shall be held in accordance with the Construction Industry Mediation Rules of the AAA or by such other standards as established by the mediator. *Demand for mediation shall be made within a reasonable time after the claim, dispute, or other matter in question has arisen* but in no event after the date when [a claim] would be barred by the applicable statute of limitations.

(Emphasis supplied.) After disputes arose concerning payment, Choate ceased work and filed a lien in the amount of $403,849 plus

interest. Choate then contacted Interfinancial and asked it to agree to submit Choate's claim to mediation. Interfinancial replied that Choate would have to release its lien before Interfinancial would participate. Choate refused to do so.

In April 2002, the parties entered into a settlement agreement under which Interfinancial agreed to give Choate $275,000 from the proceeds of any sale of the property. The settlement agreement also provided that

> [i]n the event the closing of the Sale Transaction is not consummated, and the full Settlement Payment is not made to Choate within sixty (60) days of the date of this Agreement, then . . . the Title Clearance Documents shall be returned to Choate and will be deemed null and void and of no force or effect, the Lien of record will remain in full force and effect, and the rights and obligations of the parties shall be the same as prior to the execution of this Agreement and shall continue and shall not be affected by the execution of this Agreement or the failure of the Settlement events (hereinafter defined) to have occurred within the time frame required hereunder.

Choate filed suit for breach of contract and lien foreclosure in November 2002. Interfinancial counterclaimed and filed a motion to dismiss, arguing that when Choate failed to mediate before filing its lien, it failed to satisfy the underlying contract's condition precedent to litigation. The trial court denied the motion to dismiss and ordered the parties to engage in mediation, which they did. Interfinancial then moved for summary judgment on the same ground. The trial court found that questions of fact existed as to whether the parties had made a good faith effort to mediate, denied the motion, and certified its decision for immediate review. When Interfinancial failed to timely file its application for interlocutory appeal, however, this Court denied the application and dismissed the appeal without prejudice.

In the meantime, on July 29, 2004, Interfinancial sold the property to an affiliate. Interfinancial did not pay Choate any money in the wake of the sale, however. The trial court having struck Choate's lien as improperly filed, Choate amended its complaint to include an alternative claim for breach of the settlement agreement. After Choate moved to enforce the agreement, the trial court entered summary judgment in favor of Choate, holding that Interfinancial owed Choate $275,000 and attorney fees. The trial court later awarded Choate $14,000 for fees expended to enforce the agreement and

$6,000 for fees expended in defending against Interfinancial's motion to disqualify Choate's counsel.

On appeal from either a grant of summary judgment or a grant of a motion to enforce a settlement agreement, we review the evidence de novo to determine whether the moving party has shown that "the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [nonmovant's] case."[1] Since Interfinancial moved for summary judgment under the contract, and since Choate moved to enforce the settlement agreement superseding that contract, we examine the evidence in the light most favorable to Choate in Case No. A06A2218 and in the light most favorable to Interfinancial in Case No. A06A2219.

## Case No. A06A2218

1. Interfinancial argues that because no material issue of fact remained concerning Choate's failure to mediate, and thus to fulfill a condition precedent to the contract, the trial court erred when it denied Interfinancial's motion for summary judgment.[2] We disagree.

The contract at issue here provides that "[d]emand for mediation shall be made within a reasonable time after the claim, dispute, or other matter in question has arisen" — a category broad enough to include not only the dispute between these parties, but also the lien that first memorialized it. This provision does not require either party to make the mediation demand in writing. In fact, as Choate points out, the parties struck the preprinted language of the American Institute of Architects form contract requiring a written demand and replaced it with their own, which does not require that the demand be in writing. Nor have we seen any Georgia law suggesting that the act of filing a lien, on its own, amounts as a matter of law to the commencement of "litigation" for purposes of a construction contract.[3]

Choate has provided some evidence that it requested mediation within a reasonable time after filing its lien, and that Interfinancial

---

[1] (Punctuation and footnote omitted.) *DeRossett Enterprises v. Gen. Elec. Capital Corp.*, 275 Ga. App. 728 (621 SE2d 755) (2005).

[2] Our previous dismissal of Interfinancial's untimely application for interlocutory review does not preclude us from considering the issues raised at that time on this direct appeal. See *Canoeside Properties v. Livsey*, 277 Ga. 425, 427 (1) (589 SE2d 116) (2003) (dismissal of untimely application for interlocutory review does not have res judicata effect).

[3] See, e.g., Daniel F. Hinkel, Georgia Construction Mechanics' and Materialmen's Liens (3d ed. 1998), p. 50, § 5-2 (whether lien claimant has shown substantial compliance with contract is a question of fact).

refused. We therefore conclude that the trial court did not err when it denied summary judgment to Interfinancial on this issue.[4]

### Case No. A06A2219

2. Interfinancial's principal argument is that the settlement agreement expired 60 days after its execution, so that the trial court erred when it enforced the agreement to the extent of awarding Choate $275,000 and fees. Interfinancial also asks us to rule on its motion for summary judgment concerning the underlying contract. We reject the notion that the settlement agreement "expired," but agree that the trial court erred in making the award.

> A settlement agreement must meet the same requirements of formation and enforceability as other contracts. Only when a meeting of the minds exists will an agreement be formed. But the law also favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced.[5]

Like other contracts, a settlement agreement "must be construed in [its] entirety and in a manner that permits all of the terms contained therein to be consistent with one another."[6]

It is true that the settlement agreement provides, without time limitation, that "[u]pon the sale of the [p]roperty, [Interfinancial] shall pay or cause to be paid out of the proceeds from the sale to Choate the sum of Two Hundred Seventy-Five Thousand Dollars ($275,000)," and that "[n]o conduct or course of action undertaken or performed by the parties shall have the effect of . . . modifying, altering or amending" the agreement's terms. However, in the course of describing the circumstances under which Choate would execute and deliver a waiver of its lien on the property, Paragraph 4 specifies that

> [i]n the event the closing of the Sale Transaction is not consummated, and the full Settlement Payment is not made to Choate within sixty (60) days of the date of *this Agreement*, then . . . the Title Clearance Documents shall be returned to

---

[4] See, e.g., *Guthrie v. Guthrie*, 259 Ga. App. 751, 754 (577 SE2d 832) (2003) (reversing grant of summary judgment concerning settlement agreement where questions of fact remained concerning capacity and rescission).

[5] (Punctuation and footnote omitted.) *Greenwald v. Kersh*, 275 Ga. App. 724, 725-726 (621 SE2d 465) (2005).

[6] (Footnote omitted.) *Schwartz v. Schwartz*, 275 Ga. 107, 108 (1) (561 SE2d 96) (2002).

Choate and will be deemed null and void and of no force or effect, *the Lien of record will remain in full force and effect, and the rights and obligations of the parties shall be the same as prior to the execution of this Agreement.*

(Emphasis supplied.) The emphasized words "this Agreement" refer explicitly to the settlement agreement, and not to any sale transaction. Paragraph 4 specifies, then, that unless a sale transaction occurred within 60 days "of the date of this Agreement," Choate would not rely on the uncertain remedy of proceeds from some later sale, but would instead reassert its lien rights.[7] In fact, of course, the property was not sold until more than two years after the execution of the settlement agreement.

Choate complains that it could not have intended to have the settlement agreement apply only in light of whatever sale was pending at the time of the agreement's execution. We disagree, since the agreement reflects a reasonable calculation that it would not be in Choate's interest to allow Interfinancial to defer payment until such time, if ever, a sale took place. Instead, Choate chose to reassert its lien rights after the failure of the impending sale. Since we are obligated to read a contract so as to give all its parts meaning,[8] we conclude that the trial court erred when it interpreted the settlement agreement so as to award Choate $275,000 under it.

This does not mean, however, that the settlement agreement "expired" 60 days after it was executed. The agreement provides that in the event a sale does not occur within 60 days of its execution, "the rights and obligations of the parties shall be the same as prior to the execution of this Agreement," and that "the Construction Agreement shall be deemed terminated and of no further force or effect" only if Choate were paid and its lien waived. Under the settlement agreement, then, and not in spite of it, we remand the matter to the trial court for consideration of the parties' contentions concerning the underlying construction contract.[9]

3. Finally, Interfinancial contends that the trial court erred when it awarded Choate (a) $14,000 in fees pursuant to the settlement agreement and (b) $6,000 in fees under OCGA § 9-15-14 arising from Interfinancial's motion to disqualify Choate's counsel.

(a) The settlement agreement provided that "[i]n the event of any litigation between the parties arising under or in connection with this

---

[7] Although we note that the trial court struck Choate's lien for its lack of notice, this defect and its result has no bearing on the enforceability and construction of the settlement agreement, in which the parties took pains to ensure that the lien would survive.

[8] *Schwartz,* supra at 109 (2), citing OCGA § 13-2-2 (4).

[9] See *McCall v. Henry Med. Center,* 250 Ga. App. 679, 685 (2) (551 SE2d 739) (2001).

Agreement, the prevailing party shall be entitled to recover from the other party the expenses of litigation[,] including reasonable attorneys' fees." The trial court received voluminous evidence and heard extensive testimony and argument on the matter before finding that Choate's fees spent to enforce the settlement agreement were reasonable and adequately documented. As we have ruled in Division 2 above, although the settlement agreement is indeed enforceable, the trial court erred when it awarded Choate $275,000 under it as "the prevailing party in this matter." Since we have reversed a significant part of its order enforcing the settlement agreement, we vacate the trial court's award of fees under the same agreement and remand the case for further proceedings on the question.[10]

(b) OCGA § 9-15-14 (a) provides that a trial court "shall" award attorney fees when a party "has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." OCGA § 9-15-14 (b) provides that a trial court "may" award attorney fees if it finds that a party brought an action or motion that lacked substantial justification, and defines the latter standard as "substantially frivolous, substantially groundless, or substantially vexatious." "If any evidence exists to support the trial court's grant of the motion under OCGA § 9-15-14 (a), we are compelled to affirm."[11]

The record shows that the trial court took substantial care both to assure that Interfinancial was heard on the matter of fees arising from its motion to disqualify, as when the trial court held a second hearing on the subject, and to make detailed findings of fact in support of its award, as when it found no evidence that Choate's counsel suffered from any actual conflict in the case. However, neither Choate's original application for fees nor either of the trial court's two orders on the subject makes any mention of OCGA § 9-15-14 (a) or (b). Instead, the trial court concluded only that Interfinancial's motion was filed "without justification," that a hearing on the subject "confirmed [its] utter lack of merit," and that an award of $6,000 would "fairly compensate[ ]" Choate for fees incurred in defending against it. Since the trial court's orders concerning this award do not contain the findings necessary to support an

---

[10] See *DeRossett*, supra, 275 Ga. App. at 731 (3) (enforcing settlement agreement concerning fees); see also *Hartline-Thomas, Inc. v. Arthur Pew Constr. Co.*, 151 Ga. App. 598, 600-601 (260 SE2d 744) (1979) (indemnification agreement incorporating construction agreement that provided for recovery of fees was enforceable and did not violate public policy against indemnification agreements in construction contracts).

[11] (Citation and punctuation omitted.) *Hall v. Christian Church of Ga.*, 280 Ga. App. 721, 727 (2) (634 SE2d 793) (2006).

award under OCGA § 9-15-14, those portions of the orders of the superior court "must be vacated and the case remanded to the superior court for consideration of the issue under the standards of awards pursuant to OCGA § 9-15-14, and to enter an award, if appropriate."[12]

*Judgment affirmed in Case No. A06A2218; judgment affirmed in part, reversed in part, and vacated in part in Case No. A06A2219; and cases remanded. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 7, 2007 —
RECONSIDERATION DENIED APRIL 3, 2007.

*Weinstock & Scavo, Matthew W. Carlton,* for appellant.
*Foltz & Martin, Kevin H. Hudson, Mary L. Walker,* for appellee.

---

[12] (Citation and punctuation omitted.) Id.; see also *DeRossett,* supra, 275 Ga. App. at 731-732 (4).