### A08A1338. WALTER et al. v. MITCHELL et al.
(669 SE2d 706)

RUFFIN, Presiding Judge.

Egerton Walter and Michele Boyer, as next friends of Jacqulyn Boyer, appeal from the trial court's order granting a motion by Angela Mitchell to enforce a settlement agreement between the parties. We affirm, for reasons that follow.

In reviewing an order on a motion to enforce a settlement agreement, "we construe the evidence to uphold the trial court's judgment."[1] And we will not disturb the trial court's factual findings unless they are " 'clearly erroneous.' "[2] So viewed, the record shows that on September 8, 2006, the plaintiffs filed suit on behalf of Jacqulyn Boyer, a minor child, against Mitchell and Safeco Insurance Company of Illinois, alleging that the child sustained personal injuries when she was struck by Mitchell's vehicle.[3] On July 17, 2008, Mitchell filed a motion to enforce a settlement agreement with the plaintiffs.

In support of the motion, Mitchell filed the affidavit of Marie Borders, the insurance claim representative assigned to the plaintiffs' claim. According to Borders, attorney Anton Rowe called her on June 6, 2007 and made a $9,000 settlement demand on behalf of the plaintiffs. Borders avers that she told him during the telephone call that the insurance company's maximum offer was $5,000 and that Mr. Rowe accepted the offer. Borders then notified the plaintiffs of the $5,000 settlement by letter dated June 7, 2007. On June 8, 2007, attorney Felicia Rowe sent Borders a letter on behalf of the plaintiffs, stating:

> We have not settled this case. My clients will not agree to a $5000.00 settlement offer. Their little girl endured significant injuries and $5,000.00 certainly is not sufficient. Furthermore, I, nor [sic] my clients, agreed to the $5,000 offer.

---

[1] *Ligon v. Bartis*, 243 Ga. App. 328 (530 SE2d 773) (2000).

[2] (Punctuation omitted.) *Griffin v. Wallace*, 260 Ga. App. 857 (581 SE2d 375) (2003).

[3] The plaintiffs dismissed without prejudice their claims against defendant Safeco Insurance Company on May 11, 2007. Notwithstanding their dismissal, however, the plaintiffs list Safeco as a party to this appeal.

You have been misinformed about my clients' wishes. Since *Mr. Rowe* is not the attorney representing Mr. [a]nd Mrs. Boyer, it is understandable. However, you have received correspondence from me and should have addressed the offer to me. . . . See you in court.[4]

The plaintiffs opposed Mitchell's motion to enforce the settlement agreement and filed the affidavit of Anton Rowe in support thereof. Mr. Rowe states that he "did not settle [the] matter nor did [he] accept her offer of $5000.00 on behalf of the clients. Further, [he] did not intend to create the impression that the case was settled." Following oral argument, the trial court granted Mitchell's motion to enforce the settlement agreement.

1. At the outset, we note that the plaintiffs' brief fails to comply with the rules of this Court. We previously returned the plaintiffs' brief to counsel three separate times for multiple violations of this Court's rules, including, inter alia, a repeated failure to support the factual assertions therein with proper citations to the record.[5] In their current brief, the plaintiffs have included citations to the record in the fact portion thereof. However, they make multiple factual assertions in the argument portion of their brief that are entirely unsupported by citation to the record.

We take this opportunity to remind counsel that our rules on the form of appellate briefs "were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court."[6] Furthermore, "[i]t is not the function of this [C]ourt to cull the record on behalf of a party; the burden is upon the party asserting error to show it affirmatively in the record."[7]

2. The plaintiffs allege that the trial court erred in granting Mitchell's motion to enforce the settlement agreement, disputing the existence of an agreement and arguing that the absence of a written document evidencing an agreement required the trial court to deny and/or dismiss the motion. We disagree.

Under Georgia law, "[a]n attorney has apparent authority to enter into a binding agreement on behalf of a client."[8] " 'Where the very existence of the agreement is disputed, it may only be estab-

---

[4] (Emphasis in original.)

[5] See Court of Appeals Rule 25 (a) (1) and (c) (2).

[6] (Punctuation omitted.) *Mabra v. Deutsche Bank & Trust Co. Americas*, 277 Ga. App. 764, 766 (1) (627 SE2d 849) (2006).

[7] *AdvanceMe, Inc. v. Finley*, 275 Ga. App. 415, 416 (1) (620 SE2d 655) (2005).

[8] *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 676 (308 SE2d 544) (1983).

lished by a writing.' "[9] And while "[t]he writing which will satisfy this requirement ideally consists of a formal written agreement signed by the parties[,] . . . letters or documents prepared by attorneys which memorialize the terms of the agreement reached will suffice."[10]

Here, Borders' June 7, 2007 letter to the plaintiffs memorialized the terms of the parties' settlement agreement as reached by Borders and Mr. Rowe.[11] And Ms. Rowe's June 8, 2007 letter — the plaintiffs' initial response to the adjuster after they received Borders' letter — provides further evidence of the settlement. As the trial court pointed out, Ms. Rowe did not deny the existence of an agreement in the letter; instead, she indicated that Mr. Rowe did not have the authority to bind the plaintiffs, a position she later abandoned and has not raised on appeal. Based on these documents, the trial court was authorized to conclude that the parties had reached a binding settlement agreement.[12]

The plaintiffs assert that on July 23, 2007, Mitchell's attorney requested that the parties attend mediation and that the request is evidence that the parties had not reached a settlement agreement.[13] But the plaintiffs have "cited no case in support of its argument that we should look to a party's subsequent conduct in determining whether it entered into a valid contract."[14] Thus, we find this argument unavailing.

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED NOVEMBER 19, 2008.

*Rowe & Rowe, Felicia P. Rowe*, for appellants.
*Harper, Waldon & Craig, John B. Craig*, for appellees.

---

[9] *Scott v. Carter*, 239 Ga. App. 870, 873 (521 SE2d 835) (1999).

[10] *Brumbelow*, supra.

[11] See id.

[12] See id.; *Morrow v. Vineville United Methodist Church*, 227 Ga. App. 313, 319 (2) (489 SE2d 310) (1997).

[13] The plaintiffs provide no citation to the record to support this factual assertion, however, and we will not cull the record on their behalf. See *AdvanceMe*, supra.

[14] *DeRossett Enterprises v. Gen. Elec. Capital Corp.*, 275 Ga. App. 728, 730 (1) (621 SE2d 755) (2005).