77050. OWINGS et al. v. GEORGIA RAILROAD BANK & TRUST COMPANY.
(372 SE2d 825)

DEEN, Presiding Judge.

The appellee, Georgia Railroad Bank & Trust Company, obtained a judgment against the appellants in the amount of $222,000 principal plus $9,811.15 interest, based on the appellants' personal guaranty of a loan made to the Augusta Cartage Company. This judgment also provided that the appellee was entitled to attorney fees in the amount of fifteen percent of the indebtedness.

On March 17, 1966, the parties met to discuss arrangements for satisfying the judgment. The understanding reached at this meeting is somewhat in dispute. The vice president of the appellee bank acknowledged that he discussed the possibility of accepting payment of the actual attorney fees incurred by the bank rather than fifteen percent of the indebtedness, but the appellants claimed that the bank vice president agreed to discount the attorney fees in such manner if the appellants made certain efforts to pay the judgment promptly. With that purpose in mind, the appellants obtained a loan from another bank and sold some property in Florida. In June 1986, at the scheduled meeting to pay the judgment, however, the appellants were required to pay the entire fifteen percent attorney fees rather than the actual costs.

The appellants subsequently commenced this action to recover the difference between the fifteen percent attorney fees paid and the actual costs incurred by the bank in enforcing the guaranty. Following a trial, the jury awarded the appellants $20,333.31, but the trial court later granted judgment for the appellee bank notwithstanding the verdict. This appeal resulted. *Held:*

The appellee bank moved for, and the trial court granted, judgment notwithstanding the verdict on the ground that any agreement by the bank's vice president to discount the attorney fees was unenforceable because it was not supported by a valid consideration. We agree.

In return for the bank vice president's asserted promise to discount the amount of attorney fees to be recovered under the judgment, the appellants promised to take certain measures to pay the

judgment promptly. This agreement thus obligated the appellants to do nothing more than what they were already legally obligated to do. " 'An agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another.' *Johnson v. Hinson*, 188 Ga. 639 (2) (4 SE2d 561)." *Phillips v. Atlantic Bank &c. Co.*, 168 Ga. App. 590, 591 (309 SE2d 813) (1983). Accordingly, the trial court properly granted judgment for the appellee notwithstanding the verdict.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 6, 1988.

*Percy J. Blount*, for appellants
*O. Palmour Hollis, Ziva P. Bruckner*, for appellee.