A05A0308. CITIZENS TRUST BANK v. WHITE.
(618 SE2d 9)

MIKELL, Judge.

Citizens Trust Bank (the "Bank") appeals the jury verdict in favor of Herbert White ("White") in this breach of contract action. On appeal, the Bank challenges the trial court's denial of its motion for directed verdict on White's claim for breach of contract and argues that the verdict was contrary to law. Because we find that no enforceable contract existed, we reverse.

"The standard of review of a trial court's denial of a motion for a directed verdict is the 'any evidence' standard."[1] A directed verdict is

---

authorized when there is only one reasonable conclusion as to the proper judgment; if there is no evidentiary basis for the jury's verdict, viewing the evidence most favorably to the party who secured the verdict, it is error to deny the motion.[2]

So viewed, the evidence shows that in 1988, White refinanced his home at 1714 Beechwood Boulevard (the "Beechwood Property") in Atlanta with the Bank.[3] In 1992, the Beechwood Property was totally destroyed by fire damage. The Bank agreed to allow White to rebuild the property, instead of using the insurance proceeds to pay the remaining balance on the mortgage. The insurance proceeds in the amount of $40,000 were placed into a construction account to be disbursed to White as he completed the construction of the Beechwood Property.

In March 1994, White was notified that his account had been referred to the Bank's collection manager because his February and March payments had not been received and because the project was not yet completed. On September 28, 1994, White was informed of the Bank's intention to foreclose on the Beechwood Property. Beginning in November 1994, the Bank advertised the foreclosure sale of the Beechwood Property on four separate occasions, but it was stayed from selling the property at public sale because White filed four Chapter 13 bankruptcy petitions. The final bankruptcy filing was dismissed with prejudice on April 19, 1996; thus White was precluded from filing another bankruptcy petition for 180 days.

On April 5, 1996, William A. Broughman, acting on behalf of the Bank, sent a notice of foreclosure sale to White at the Beechwood Property address, informing him that the sale would occur on the courthouse steps on May 7, 1996. Before the sale occurred on May 7, 1996, White offered to pay $35,000 to stop the foreclosure. White and D. J. Hughlett, the Bank's collection manager, both executed a letter addressed to White from the Bank regarding the Beechwood Property that stated:

> Citizens Trust Bank agrees to postpone the foreclosure in lieu of [4] a payment of $33,000.00 in certified funds and a possible $2,000.00 from the account of Cora White Cummings on the above-referenced property. Our Attorney William A. Broughman will forward to you a written agreement, for your signature, to consummate this transaction. The

---

[2] See *Galardi v. Steele-Inman*, 266 Ga. App. 515, 516 (1) (597 SE2d 571) (2004).

[3] White also owned a home on Mount Airy Drive that was mortgaged with the Bank.

[4] Despite the awkward terminology used in the letter, there is no dispute that White paid the funds in exchange for the Bank's agreement to postpone the foreclosure.

payoff balance as of 11:05 AM is $7,986.43. If his sister pays the $2,000.00 the balance will be $5,986.43.

White paid the $35,000, which was applied to the principal amount owed, and the foreclosure sale was postponed. Hughlett testified that ordinarily Broughman would draft a forbearance agreement under these circumstances, but he and Broughman decided that the May 7, 1996, letter was a forbearance agreement. Thus, no additional document was ever sent to White. Additionally, it was Hughlett's understanding that White would pay the balance within 30 days. Conversely, White testified that he expected the letter from Broughman to include an account history, an explanation as to how the $35,000 payment had been distributed, and the balance owed.

After White failed to make any payments toward the remaining balance, a second notice of foreclosure sale was sent to him on July 24, 1996, which notified him that the property would be sold on the first Tuesday in September on the courthouse steps. The Bank purchased the property at the foreclosure sale on September 13, 1996, for $5,986.[5]

White filed his complaint against the Bank, alleging breach of contract and fraud. Using a special verdict form, the jury concluded that the Bank breached the May 7, 1996, contract but had not engaged in fraud. Thus, the jury concluded that White was not entitled to punitive damages but awarded $250,000 in compensatory damages. On appeal, the Bank argues that the trial court erred by denying its motion for directed verdict on White's breach of contract claim and challenges the damages award.

1. In its first enumerated error, the Bank argues that the trial court should have granted its motion for directed verdict on White's breach of contract claim because there was no enforceable contract. We agree with the Bank, though for different reasons than those argued.

"A definite offer and complete acceptance, for consideration, create a binding contract."[6] In this case, we have evidence of an offer and acceptance. White offered to pay $35,000 in exchange for the Bank's agreement not to proceed with the foreclosure on the Beechwood Property that day. The Bank accepted the payment and stopped the foreclosure sale. We now turn to the issue of consideration, upon which this alleged contract must fail.

---

[5] According to the loan history introduced into evidence by both parties, the balance owed, $5,986.43, included a principal balance of $824.73, interest of $4,255.62, and late fees of $906.08.

[6] (Citation omitted.) *Moreno v. Strickland*, 255 Ga. App. 850, 852 (1) (567 SE2d 90) (2002). See also OCGA § 13-3-1.

There is no dispute that White was indebted to the Bank. As stated earlier, there was a balance owing even after White's $35,000 payment. Though the Bank's act of forbearance constituted adequate consideration for a contract,[7] White's payment of a debt that he already owed was not. "An agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another."[8] "As appellate courts, we are courts for the correction of errors of law made by the trial courts."[9] Because there was no consideration on White's part, there was no contract and the Bank's motion for directed verdict on the contract claim should have been granted. Accordingly, we need not address the parties' arguments as to whether the Bank's failure to send the letter referenced in the May 7, 1996, document constituted a breach of contract.

2. Based on our holding in Division 1, we need not consider appellant's remaining enumeration of error.

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MAY 16, 2005 —
RECONSIDERATION DENIED JULY 19, 2005 —

*J. Christopher Simpson*, for appellant.
*Alembik, Fine & Callner, Kenneth W. Muhammad*, for appellee.

---

[7] *Mann Elec. Co. v. Webco Southern Corp.*, 194 Ga. App. 541, 543 (2) (390 SE2d 905) (1990).

[8] (Punctuation omitted.) *Owings v. Ga. R. Bank & Trust Co.*, 188 Ga. App. 265, 266 (372 SE2d 825) (1988), citing *Johnson v. Hinson*, 188 Ga. 639, 644 (2) (4 SE2d 561) (1939); *Phillips v. Atlantic Bank &c. Co.*, 168 Ga. App. 590, 591 (1) (b) (309 SE2d 813) (1983).

[9] (Citation and punctuation omitted.) *McCannon v. Wilson*, 267 Ga. App. 815, 817 (1) (600 SE2d 796) (2004).