## A09A0390. LAMB v. FULTON-DeKALB HOSPITAL AUTHORITY.

(677 SE2d 328)

BLACKBURN, Presiding Judge.

The Salvation Army filed a complaint for interpleader against its employee (Janella Lamb), her counsel, and the Fulton-DeKalb Hospital Authority, d/b/a Grady Health System ("Grady"), requesting that Lamb, her counsel, and Grady be ordered to determine their respective rights to medical benefits, due under the Salvation Army's employee health insurance plan, to pay for medical expenses incurred as a result of Lamb's treatment at Grady. Lamb appeals the grant of Grady's motion for judgment on the pleadings and the denial of her motion to enforce a purported settlement agreement, arguing that the trial court committed multiple reversible errors. For the reasons set forth below, we affirm.

On appeal from a trial court's order on a motion to enforce a settlement agreement, we apply a de novo standard of review. *Carey v. Houston Oral Surgeons*.[1]

> Because the issues raised are analogous to those in a motion for summary judgment, in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [nonmovant's] case.

(Punctuation omitted.) *DeRossett Enterprises v. Gen. Elec. Capital Corp.*[2] Thus, we view the evidence in a light most favorable to the nonmoving party. Id.

So viewed, the record shows that on October 5, 2006, Lamb, an employee of the Salvation Army, sustained serious injuries in an automobile accident and was taken to Grady for treatment. At the time of her accident, Lamb was insured by the Salvation Army's employee health plan, and, shortly after her admission to Grady, she executed an assignment of benefits form, which allowed her health insurance benefits to be paid directly to Grady. Lamb remained at Grady from the date of her accident through December 4, 2006, and incurred approximately $540,209.05 in medical expenses.

Pursuant to the terms of the Salvation Army's health insurance plan, the plan administrator sent correspondence to Lamb on February 16, April 26, and June 26, 2007, requesting that Lamb

---

[1] *Carey v. Houston Oral Surgeons*, 265 Ga. App. 812, 817 (2) (595 SE2d 633) (2004).

[2] *DeRossett Enterprises v. Gen. Elec. Capital Corp.*, 275 Ga. App. 728 (621 SE2d 755) (2005).

complete an "Accident Statement" form, in order to identify any insurers that may have to provide coverage for her medical expenses, and a "Right of Subrogation and Grant of Lien" form in order to acknowledge the Salvation Army's subrogation right. Lamb refused to complete these forms, and as a result, the Salvation Army withheld processing her medical expenses for payment under the health plan. Consequently, on December 11, 2007, the Salvation Army filed a complaint for declaratory relief in Douglas County (where Lamb resided), requesting that Lamb be ordered to execute the "Accident Statement" and the "Right of Subrogation" forms prior to the payment of her medical expenses. Thereafter, Lamb filed a counterclaim, requesting payment of her health plan benefits.

On January 11, 2008, Lamb's counsel met with counsel for the Salvation Army, at which time the Salvation Army's counsel explained that Lamb's medical bills would be paid under the health plan as soon as she completed the "Accident Statement" form. On January 16, 2008, the Salvation Army's counsel telephoned Lamb's counsel to reiterate the Salvation Army's position as discussed during the earlier meeting. Following these discussions with the Salvation Army's counsel, Lamb's counsel sent a letter to Grady, dated January 17, 2008, in which he indicated that Lamb wanted the medical expenses owed to be paid but that payment was being hampered by the fact that her insurer was unlawfully attempting to coerce her into signing a lien. The letter further stated:

> As I'm sure you are aware litigation can go on for years and years and always has an uncertain outcome. Consequently, to try to obtain a quick resolution to this matter Ms. Lamb agreed, if a settlement can be reached right away, to pay the full amount collected for the $540,209.05 claim of Grady Memorial Hospital less attorney's fees of $216,083.62 (40% of [$]540,209.05[)] which equal[s] $324,124.43 to Grady Memorial Hospital.
>
> Otherwise, she is willing to go the long road and seek to collect attorney's fees from the insurer, which is an unsure proposition. It seems that it is in everybody's interest to bring this matter to a close.

Associate general counsel for Grady accepted this offer the next day by signing and returning the letter. However, shortly thereafter, Grady learned that the Salvation Army was willing to pay Grady the full amount of Lamb's medical expenses. Consequently, on February 5, 2008, Grady sent a letter to Lamb's counsel, rescinding the previous agreement. The next day, Grady received from the Salvation Army a courtesy copy of a check for Lamb's medical expenses

made out jointly to Grady and Lamb's counsel. On February 8, 2008, Grady sent a letter to the Salvation Army's counsel, informing him that Lamb's counsel did not have Grady's permission to endorse the check for medical expenses on Grady's behalf and requesting that the Salvation Army stop payment on the check. In subsequent correspondence to both Grady and the Salvation Army, Lamb's counsel maintained his position that the payment of Lamb's medical expenses should be made to his law firm.

Fearing that it might be sued on the conflicting claims concerning the payment of Lamb's medical expenses, the Salvation Army filed a complaint for interpleader in Fulton County Superior Court, pursuant to OCGA § 9-11-22 (a). In its complaint, the Salvation Army named Lamb, her counsel, and Grady as defendants and requested that the court determine their respective rights to medical benefits due under the health plan for payment of Lamb's medical expenses. Thereafter, Lamb filed a motion to enforce the purported settlement. On the same day, Grady filed a motion for judgment on the pleadings, pursuant to OCGA § 9-11-12 (c), which argued that there was no dispute that Lamb owed Grady $540,209.05 for medical treatment and that there was no enforceable settlement agreement between the parties. Because it reviewed evidence outside the pleadings, the trial court treated Grady's motion for judgment on the pleadings as a motion for summary judgment and issued an order granting that motion. In a separate order issued that same day, the trial court denied Lamb's motion to enforce the settlement. This appeal followed.

1. Lamb contends generally that the trial court erred in granting Grady's motion for judgment on the pleadings. In two enumerations of error, she specifically argues that the trial court erred in treating Grady's motion for judgment on the pleadings as a motion for summary judgment without providing prior notice and in failing to hold a hearing on the motion. We disagree.

OCGA § 9-11-12 (c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56.

When matters outside the pleadings are considered by the trial court

on a motion for judgment on the pleadings, the motion is converted to a motion for summary judgment, and

> the trial court has the burden of informing the party opposing the motion that the court will consider matters outside the pleadings and that, if the opposing party so desires, the party has no less than 30 days to submit evidence in response to the motion for summary judgment.

(Punctuation omitted.) *Davis v. Phoebe Putney Health Systems*.[3] However, "the party opposing the motion may waive the right to the 30-day notice by acquiescing in the movant's submission of evidence in support of the [motion for judgment on the pleadings]." *Morrell v. Wellstar Health System*.[4]

Here, Lamb did not object to Grady's reliance upon evidence outside of the pleadings and in fact submitted her own evidence, including her counsel's affidavit and various correspondence between all the parties, in her response to Grady's motion. In addition, Lamb had also already submitted much of this same evidence for the trial court's review in support of her motion to enforce the settlement agreement. Thus, Lamb acquiesced in Grady's submission of evidence in support of its motion for judgment on the pleadings and also, in effect, requested that the motion be converted into a motion for summary judgment. See *Cox Enterprises, Inc. v. Nix*;[5] *Davis*, supra, 280 Ga. App. at 507 (2). "Where, as here, both parties submit evidence in connection with a [motion for judgment on the pleadings], there is no indication of prejudice due to the trial court's failure to give notice of the actual nature of the pending action." (Punctuation omitted.) *Cox Enterprises, Inc.*, supra, 273 Ga. at 154.

Furthermore, Lamb's contention that the trial court erred in failing to hold a hearing on Grady's motion is also without merit. Indeed, both parties expressly agreed to waive oral argument on all motions pending before the trial court. Having acquiesced in the trial court's procedure, Lamb cannot now complain of it. See *Davis*, supra, 280 Ga. App. at 506 (1); *In re Estate of Bell*.[6] Accordingly, the trial court did not err in treating Grady's motion for judgment on the pleadings as one for summary judgment without providing formal notice or in failing to hold a hearing on that motion.

Lamb's remaining enumerations of error regarding the trial

---

[3] *Davis v. Phoebe Putney Health Systems*, 280 Ga. App. 505, 507 (2) (634 SE2d 452) (2006).

[4] *Morrell v. Wellstar Health System*, 280 Ga. App. 1, 2 (1) (633 SE2d 68) (2006).

[5] *Cox Enterprises, Inc. v. Nix*, 273 Ga. 152, 154 (538 SE2d 449) (2000).

[6] *In re Estate of Bell*, 274 Ga. App. 581, 584 (618 SE2d 194) (2005).

court's grant of Grady's motion for judgment on the pleadings are based on arguments that the trial court erred in relying upon and in misconstruing facts set forth in its order denying her motion to enforce the settlement agreement. Indeed, the crux of the dispute between Lamb and Grady is whether the January 17, 2008 letter from Lamb's counsel to Grady constituted a legally enforceable settlement agreement. For this reason, we will now address all of Lamb's remaining and relevant enumerations of error within the context of addressing the trial court's denial of her motion to enforce the settlement agreement.

2. Lamb contends that the trial court erred in denying her motion to enforce the January 17, 2008 letter from her counsel to Grady as a settlement agreement, arguing that the trial court specifically erred in finding that the purported agreement lacked consideration. We disagree.

A settlement agreement is a contract and "must meet the same requirements of formation and enforceability as other contracts. Only when a meeting of the minds exists will an agreement be formed." (Punctuation omitted.) *Greenwald v. Kersh*.[7] Because a settlement agreement is a contract,

> it is subject to the usual rules of statutory construction. While the cardinal rule of construction is to determine the intention of the parties, no construction is required or permitted when the language employed by the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation.

(Punctuation omitted.) *City of Demorest v. Roberts & Dunahoo Properties*.[8]

Here, it is undisputed that Lamb executed a form to allow her health insurance benefits to be paid directly to Grady. The January 17, 2008 letter offer, which Lamb's counsel sent to Grady and which Grady accepted, stated that Lamb's dispute with the Salvation Army over the processing of her insurance benefits to cover her $540,209.05 in medical expenses could be resolved quickly if Grady agreed to accept $324,124.43 instead of the full amount owed. Lamb argues that this letter constituted a valid settlement offer, which was accepted. However, for any agreement to be enforceable, it must be supported by consideration. See OCGA § 13-3-1. "An agreement on the part of one to do what he is already legally bound to do is not a

---

[7] *Greenwald v. Kersh*, 275 Ga. App. 724, 726 (621 SE2d 465) (2005).

[8] *City of Demorest v. Roberts & Dunahoo Properties*, 288 Ga. App. 708, 711-712 (1) (655 SE2d 617) (2007).

sufficient consideration for the promise of another." (Punctuation omitted.) *Owings v. Ga. R. Bank & Trust Co.*[9] Thus, while Grady's "act of forebearance constituted adequate consideration for a contract, [Lamb's] payment of a debt that [she] already owed was not." (Footnote omitted.) *Citizens Trust Bank v. White.*[10] See *Glisson v. Global Security Svcs.*[11] (employer's promise of continued employment if employee signed noncompete covenant when employer was already so obligated under an employment contract was not consideration); *NationsBank, N.A. (South) v. Tucker*[12] (debtor's act of not filing for bankruptcy was not given in return for bank's promise to release debtor from guaranty owed and so was not valid consideration); *Owings*, supra, 188 Ga. App. at 265-266 (debtor's promise to pay judgment *promptly* in return for bank's promise to discount attorney fees owed did not constitute consideration). Cf. *Fulford v. Fulford*[13] (settlement of a doubtful matter is sufficient consideration to support a contract). Accordingly, the trial court did not err in finding that the purported settlement agreement lacked consideration.

3. Lamb also contends that the trial court erred in looking outside the terms of the January 17, 2008 letter and considering parol evidence to determine if the letter constituted an enforceable settlement agreement. We disagree.

Lamb correctly argues that where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties, and that parol evidence is not admissible to contradict or construe an unambiguous contract. See *UniFund Financial Corp. v. Donaghue.*[14] Nevertheless, parol evidence is admissible to show want or failure of consideration. *Weintraub v. Cobb Bank &c. Co.*[15] See *Beasley v. Paul.*[16] Thus, the trial court did not err in considering parol evidence to determine if the January 17, 2008 letter was supported by consideration.

4. In her remaining enumerations of error, Lamb contends that the trial court erred in making various findings of fact in its order denying her motion to enforce the settlement agreement, including findings that her counsel effectively blocked Grady's access to insurance proceeds by advising her not to sign the Salvation Army's

[9] *Owings v. Ga. R. Bank & Trust Co.*, 188 Ga. App. 265, 266 (372 SE2d 825) (1988).
[10] *Citizens Trust Bank v. White*, 274 Ga. App. 508, 511 (1) (618 SE2d 9) (2005).
[11] *Glisson v. Global Security Svcs.*, 287 Ga. App. 640, 641-642 (653 SE2d 85) (2007).
[12] *NationsBank, N.A. (South) v. Tucker*, 231 Ga. App. 622, 626 (4) (500 SE2d 378) (1998).
[13] *Fulford v. Fulford*, 225 Ga. 9, 16 (3) (165 SE2d 848) (1969).
[14] *UniFund Financial Corp. v. Donaghue*, 288 Ga. App. 81, 82-83 (653 SE2d 513) (2007).
[15] *Weintraub v. Cobb Bank &c. Co.*, 249 Ga. 148, 149 (2) (288 SE2d 553) (1982).
[16] *Beasley v. Paul*, 223 Ga. App. 706, 709 (2) (478 SE2d 899) (1996).

insurer's subrogation lien; that there could be no settlement unless Grady agreed to compromise the debt because otherwise the insurance benefits would not cover attorney fees; that her counsel offered to unblock the insurance benefits if Grady would compromise the debt; and that Grady was not made aware of the status of her counsel's negotiations with the Salvation Army. We disagree that any of these findings constitute reversible error.

As previously noted, in reviewing a trial court's order on a motion to enforce a settlement agreement, we view the evidence in a light most favorable to the nonmoving party. *DeRossett Enterprises*, supra, 275 Ga. App. at 728. So viewed, we find that there is evidence in support of each of the trial court's findings of fact, which Lamb claims were erroneous. Furthermore, "[b]ecause this action is analogous to a motion for summary judgment, we are concerned only with disputes over material facts." Id. at 731 (2). The trial court concluded, as we also concluded above, that the primary issue in this matter is whether the purported settlement agreement was sufficiently supported by consideration. None of the trial court's allegedly erroneous findings of fact bear upon the issue of consideration. Accordingly, any error by the trial court as to these findings of fact was immaterial to its ultimate decision and is not grounds for reversal. See id. at 731 (2).

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED MARCH 11, 2009 —
RECONSIDERATION DENIED APRIL 17, 2009 ▮▮▮▮▮▮

*Herald J. A. Alexander*, for appellant.
*Alston & Bird, Bernard Taylor, Debra A. R. Sydnor*, for appellee.

