## A09A2353. LAMB v. THE SALVATION ARMY.
(687 SE2d 615)

ELLINGTON, Judge.

In this declaratory judgment action, Janella Lamb appeals from the trial court's dismissal of a notice of appeal she previously had filed to challenge the court's grant of an emergency motion filed by The Salvation Army. Lamb contends that the court's order on the emergency motion was directly appealable and, therefore, that the court erred in finding that the order was interlocutory and in dismissing her notice of appeal therefrom due to her failure to comply with the interlocutory application requirements of OCGA § 5-6-34 (b). For the following reasons, we conclude that the trial court erred in dismissing Lamb's notice of appeal. Consequently, we reverse the court's order and remand the case with direction.

---

YALE LAW LIBRARY

The record shows the following facts.[1] In October 2006, while employed by The Salvation Army, Lamb was involved in an automobile collision. As a result of the collision, she incurred nearly $1 million in medical expenses. The Salvation Army paid Lamb's medical expenses pursuant to the terms of its Employee Health Plan. In June 2007, Lamb filed a tort action against third parties who were involved in the collision.

In February 2009, The Salvation Army learned that Lamb had settled a claim against one of the defendants in the tort action for that defendant's primary insurance limits of $1 million. The Salvation Army also learned that there was at least $4 million in additional, excess insurance coverage available in the tort action. Lamb did not notify The Salvation Army of the settlement with that defendant prior to consummating the settlement. The Salvation Army sent a letter to Lamb's counsel requesting prior notice of any settlement in the underlying tort action, pursuant to OCGA § 33-24-56.1,[2] but Lamb's counsel insisted that Lamb was not required to provide such notice.

As a result, on March 11, 2009, The Salvation Army filed a complaint for declaratory relief requesting that the trial court determine the extent, if any, that The Salvation Army could share in any prior or future settlements between Lamb and the defendants in the tort action. The complaint also asked the court to order Lamb to provide The Salvation Army with the requisite statutory notice, pursuant to OCGA § 33-24-56.1, prior to the consummation of any settlements or the trial in the underlying tort action so that The Salvation Army would be able to protect its reimbursement interests. In an emergency motion filed the same day, The Salvation Army repeated its request for an order directing Lamb to provide the disclosures required by OCGA § 33-24-56.1.

After conducting a hearing on the emergency motion, the court

---

[1] Additional facts are provided in this Court's opinion in a related case, *Lamb v. Fulton-DeKalb Hosp. Auth.*, 297 Ga. App. 529 (677 SE2d 328) (2009).

[2] When a recovery for personal injury is sought from a third party by or on behalf of a person for whom any benefit provider has paid medical expenses or disability benefits, the person asserting the claim for recovery against the third party shall provide notice of the existence of the claim, by certified mail or statutory overnight delivery . . . , to any benefit provider which the person asserting the claim has reason to believe has paid benefits relating to the injury for which the injured party seeks a recovery. This notice shall be provided no later than ten days prior to the consummation of any settlement or commencement of any trial unless a shorter notice period is agreed to by the designated recipient of the notice and shall include a request for information regarding the existence of any claim by a benefit provider and an itemization of payments for which the benefit provider seeks reimbursement including the names of payees, the dates of service or payment or both, and the amounts thereof.

OCGA § 33-24-56.1 (g).

issued an order which required Lamb to provide to The Salvation Army the details concerning any prior settlements, as well as the identity of all current target defendants in the underlying tort action and details about their insurance coverage, within ten days. In addition, the court ordered Lamb to provide to The Salvation Army the required notice pursuant to OCGA § 33-24-56.1 within ten days prior to the consummation of any settlement or trial in the tort action to allow The Salvation Army to protect its reimbursement interests. The trial court expressly reserved jurisdiction over the issue of the extent to which The Salvation Army may equitably share in the prior or future settlements or judgments obtained by Lamb.

Lamb filed a timely notice of appeal from the court's order, but The Salvation Army moved to dismiss the notice of appeal, contending that the court's order on the emergency motion was an interlocutory order and, therefore, was not directly appealable. The trial court agreed and, on June 12, 2009, dismissed Lamb's notice of appeal. Lamb then filed a timely notice of appeal from the court's dismissal order.

1. As an initial matter, it is the duty of this Court to inquire into its jurisdiction to determine if the order at issue here was directly appealable. While "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal, . . . a trial court's order dismissing an improperly filed direct appeal should be considered an interlocutory order and is not subject to a direct appeal." (Footnotes omitted.) *American Med. Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). As explained below, we conclude that the trial court's order on the emergency motion was directly appealable. Therefore, the order dismissing Lamb's notice of appeal from the order on the emergency motion is, itself, directly appealable, and this Court has jurisdiction to consider the appeal. Id.

2. Having reviewed the record, we conclude that the trial court's order on the emergency motion was, in effect, a mandatory permanent injunction, because it requires Lamb to provide, inter alia, details about prior settlements, defendants, and insurance coverage in the underlying suit and prohibits her from settling any claims against those defendants or going to trial on the tort claims unless she complies with OCGA § 33-24-56.1. See *Everetteze v. Clark*, 286 Ga. 11, 13 (4) (685 SE2d 72) (2009) (trial court's order requiring county clerk to comply with statutory requirements was a grant of mandamus or, alternatively, a mandatory permanent injunction). Judgments or orders granting interlocutory or final injunctions are directly appealable pursuant to OCGA § 5-6-34 (a) (4). Thus, the trial court erred in finding that Lamb's appeal from the April 28, 2009 order on the emergency motion was interlocutory and in dismissing her notice of appeal on that basis.

YALE LAW LIBRARY

Consequently, we remand this case to the trial court with directions for the court clerk to reinstate Lamb's May 2009 notice of appeal. After this Court has re-docketed this case pursuant to the reinstated notice of appeal, the parties will have the opportunity to submit appellate briefs on the merits of the challenge to the underlying order, in other words, whether the trial court erred in granting The Salvation Army's emergency motion.

3. Given our decision in Division 2, supra, Lamb's contention that the court erred in failing to allow her an opportunity to respond to The Salvation Army's motion to dismiss the notice of appeal is moot.

*Judgment reversed and case remanded with direction. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 24, 2009.

*Herald J. A. Alexander*, for appellant.
*Bovis, Kyle & Burch, Stuart S. Busby, Anne-Marie Shipe*, for appellee.