# Court of Appeals
# of the State of Georgia

ATLANTA,  January 25, 2019

*The Court of Appeals hereby passes the following order:*

**A19E0033. In Re: Estate of Timothy S. Cook.**

Constance Cook Riley, a sister of the decedent Timothy Cook, filed this emergency motion from an order of the Probate Court of Cobb County dismissing Riley's notice of appeal filed in the probate court as untimely. In that notice of appeal dated December 21, 2018, Riley sought to appeal a September 21, 2018 order appointing an administrator, and a November 5, 2018 order denying Riley's subsequent motion for reconsideration. The probate court dismissed the notice of appeal as untimely because it was not filed within 30 days of the September 21, 2018 order, as required by OCGA § 5-6-38, and the motion for reconsideration does not extend the time for filing a notice of appeal. See *Bell v. Cochran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000).

In this emergency motion, Riley requests that we (1) mandate the probate court produce the records requested in the December 21, 2018 notice of appeal; (2) order the probate court to suspend execution of any of its prior orders pending further direction from this Court; and (3) schedule oral argument in this case. Based on the requested relief, it appears Riley is seeking mandamus relief. "Generally, the superior courts of this state have the power, in proper cases, to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction, and hence the need to resort to the appellate courts for such relief by petition filed in the appellate courts will be extremely rare." *Brown v. Johnson*, 251 Ga. 436, 436 (306 SE2d 655) (1983).  However, this is not one of the extremely rare instances in which this Court need exercise its original mandamus jurisdiction. See *Gay v. Owens*, 292

Ga. 480, 482- 483 (2) (738 SE2d 614) (2013). See also Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. Until such time as Riley has pursued relief in superior court and obtained a ruling thereon, there is no basis for this Court to exercise jurisdiction. See *Brown*, supra.

Alternatively, to the extent that Riley is seeking to appeal the probate court's dismissal of her untimely notice of appeal, such an order is not subject to a direct appeal. See *Lamb v. Salvation Army*, 301 Ga. App. 325, 327 (1) (687 SE2d 615) (2009) (explaining that an order dismissing a properly filed appeal is directly appealable, but an order dismissing an improperly filed appeal is not subject to a direct appeal).

Consequently, without a proper notice of appeal before this Court, we lack jurisdiction to take any action in this case. See *Couch v. United Paperworkers Intern.Union*, 224 Ga. App. 721, 721 (482 SE2d 704) (1997) ("The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.") (citation and punctuation omitted). We note that the proper remedy if Riley still wishes to appeal is to request the probate court to grant an out-of-time appeal. Accordingly, the emergency motion is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 01/25/2019
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*