# Court of Appeals of the State of Georgia

ATLANTA, July 31, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0492. SALINAS FALUN SMITH v. RODNEY HILL, JR.

In July 2024, Salinas Smith filed a notice of appeal in this civil action. Based on the sparse application materials, it appears that, in that filing, Smith sought to appeal an order dismissing his lawsuit for want of prosecution. The day after Smith filed his notice of appeal, the superior court clerk's office notified him that he needed to file an amended notice of appeal. In September 2024, the superior court entered an order directing Smith to file an amended notice of appeal within ten days and notifying him that his appeal would be dismissed if he did not do so. Smith did not file an amended notice of appeal as directed or otherwise respond to the court's order. On July 3, 2025, the court dismissed Smith's appeal, finding that his actions caused unreasonable and inexcusable delay.

On July 10, 2025, Smith, proceeding pro se, filed a document entitled "Appeal" in this Court, which docketed the filing as an application for discretionary appeal. See OCGA §§ 5-6-30 (requiring the Appellate Practice Act to be "liberally construed so as to bring about a decision on the merits of every case appealed"); 5-6-35 (d) (an application for discretionary appeal is filed with the appellate court); 5-6-37 (a notice of appeal is filed "with the clerk of the court wherein the case was determined"); see also *Martin v. Williams*, 263 Ga. 707, 708 (1) (438 SE2d 353) (1994) (substance and function, "rather than nomenclature, govern[] pleadings"). However, on the limited materials before us, no discretionary application was required.

An order dismissing a properly filed notice of appeal is itself directly appealable, but an order dismissing an improperly filed appeal is considered interlocutory and not

subject to direct appeal. See *American Med. Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008); *Lamb v. Salvation Army*, 301 Ga. App. 325, 327 (1) (687 SE2d 615) (2009). Here, construing Smith's filings liberally, the superior court dismissed his appeal from the court's order dismissing his lawsuit, which was a final order subject to direct appeal. See OCGA § 5-6-34 (a) (1) (B). As such, the court's order dismissed a "properly filed" notice of appeal and the dismissal order itself is subject to direct appeal. See *American Med. Security Group*, 284 Ga. at 103 (2); see also *Lamb*, 301 Ga. App. at 327 (1) (finding that because the underlying order was directly appealable, the trial court's subsequent order dismissing the defendant's appeal was also directly appealable). In addition, this action does not appear to fall within one of the categories of cases for which a discretionary application is otherwise required to seek appellate review under OCGA § 5-6-35 (a).

Under OCGA § 5-6-35 (j), this Court will grant a timely application for discretionary review if the lower court's order is subject to direct appeal. See *City of Rincon v. Couch*, 272 Ga. App. 411, 412 (612 SE2d 596) (2005). Smith's pro se "Appeal" was filed in this Court within the 30-day period for filing an application for discretionary review. See OCGA § 5-6-35 (d). Accordingly, this construed application is hereby GRANTED. Smith shall have ten days from the date of this order to file a notice of appeal in the superior court. See OCGA § 5-6-35 (g). If Smith has already filed a notice of appeal in the superior court, then he need not file a second notice. The clerk of the superior court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  07/31/2025

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*