**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 30, 2026**

# In the Court of Appeals of Georgia

A25A2158. GABRELL v. HANCOCK.

MARKLE, Judge.

In this interlocutory appeal, Rachell Gabrell appeals from the trial court's order denying her motion to enforce the settlement in D'Andre Hancock's negligence action arising from a car accident. On appeal, Gabrell argues the trial court erred by finding that the parties did not reach a binding settlement agreement under OCGA § 9-11-67.1 (2021). Because we conclude that the parties formed a binding contract under OCGA § 9-11-67.1 , we reverse.

We apply a de novo standard of review to a trial court's order on a motion to enforce a settlement agreement. Because the issues raised are analogous to those in a motion for summary judgment, in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other

evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the appellant's case. Thus, we view the evidence in a light most favorable to the nonmoving party.

*Wright v. Nelson*, 358 Ga. App. 871, 871-72 (856 SE2d 421) (2021) (quotation marks omitted).

The relevant facts of the accident are not in dispute. In February 2024, Hancock was injured when his automobile was struck head-on by a vehicle driven by Gabrell. At the time of the accident, Gabrell was insured under a policy with GEICO General Insurance Company ("GEICO").

Hancock made an offer of compromise to GEICO pursuant to OCGA § 9-11-67.1 (2021)[1] to settle his claim against Gabrell for the policy limit of $25,000 in exchange for a limited liability release. As is relevant here, the offer purported to require that GEICO provide, pursuant to OCGA § 9-11-67.1(a)(3), an oral statement from the assigned claims representative before a court reporter, disclosing the full amount of insurance coverage available to Gabrell. The demand stipulated that failure

---

[1] Because the accident at issue occurred in February 2024, we consider the version of OCGA § 9-11-67.1 in effect at that time. OCGA § 9-11-67.1 has since been amended, effective July 1, 2024.

to provide the oral statement and "adequately assure" Hancock of the available coverage would be considered a counteroffer. The letter further provided that if GEICO failed to meet all material terms of the demand, the offer to settle would be deemed rejected.

By letter, GEICO accepted all the material terms of the offer pursuant to OCGA § 9-11-67.1(b)(1). GEICO's representative subsequently gave a videotaped statement under oath regarding all available insurance. GEICO's representative testified as follows:

> Q: All right. And you understand that you're here to provide a statement under oath concerning whether all liability and casualty insurance issued by GEICO that may provide coverage for Mr. Hancock's claims against GEICO insured Rachel Gabrell [sic] have been disclosed to Mr. Hancock?
> A: I understand.
> ...
> Q: All right. And the purpose of the investigation was to ensure that we weren't just relying on your personal knowledge, but also GEICO's knowledge as a company?
> A: I understand.
> Q: Okay. As part of your investigation, did you determine whether or not there were any commercial policies that may have been issued that may provide coverage in this case?

A: Throughout my investigation, I determined that there wasn't any additional coverage from our insured. Is that what you're asking?

Q: No. Did you—did you look both in personal lines, as well as commercial lines to figure if there were commercial policies that may be applicable?

A: Yeah. I did all that was reasonable and necessary through the GEICO procedures confirming that there weren't any other coverages.

Q: Okay. What do you mean, you did what was reasonable and necessary?

A: So we do a coverage referral to our underwriting department to confirm with underwriting if there were any other coverages or linked policies, and they confirmed no other coverage with GEICO. So typically when they run that, that's based on if you're asking for commercial specifically. They run it for all policies that could be potentially linked to any other policies.

The representative further testified that Gabrell confirmed there were no other policies, and Gabrell was not acting in the scope of her employment at the time of the accident. He further testified that, although he could not confirm if she was living with any relative at the time, Gabrell did not have any other policies that could cover the loss.

Shortly after providing the statement, and believing it had complied with all the conditions of the settlement offer, GEICO sent an e-mail to Hancock's counsel, inquiring why the settlement check had been rejected twice. Hancock's counsel

responded that GEICO had rejected the terms of the settlement offer because he was dissatisfied with its representative's statements under oath as they did not comply with the terms of Hancock's demand under OCGA § 9-11-67.1(a)(3).

Thereafter, Hancock filed suit against Gabrell. Gabrell moved to enforce the settlement, arguing that GEICO had timely accepted Hancock's offer, had satisfied all the material terms of Hancock's offer pursuant to OCGA § 9-11-67.1, and had complied with OCGA § 9-11-67.1(a)(3). Specifically, Gabrell asserted that GEICO complied with OCGA § 9-11-67.1(a)(3) by providing a statement under oath indicating all liability insurance provided for the claim had been disclosed, and that the statute did not require it to "adequately assure" Hancock that the disclosure requirements had been met. Hancock's counsel responded, arguing that GEICO failed to comply with the disclosure requirements of OCGA § 9-11-67.1(a)(3) and, thus, the parties had not settled the case. Specifically, Hancock argued that GEICO's representative failed to investigate whether Gabrell was acting within the scope of her employment at the time of the crash, or whether Gabrell had any resident relatives, both of which might have yielded additional coverage.

Following a hearing, the trial court denied Gabrell's motion, finding that no settlement agreement was reached because GEICO's acceptance did not mirror Hancock's offer. The trial court found that GEICO's failure to provide Hancock adequate assurance of no additional insurance coverage amounted to a rejection of the offer. This appeal followed.

In her sole enumeration of error, Gabrell argues the trial court erred by finding that the parties did not reach a binding settlement agreement pursuant to OCGA § 9-11-67.1. We agree.

Before reaching the merits of Gabrell's argument, we first set forth the relevant law. OCGA § 9-11-67.1, as amended in 2021, governs offers to settle claims arising from injuries due to automobile accidents. Under the statute, an offer must be in writing and contain specific material terms, including the time frame in which an offer may be accepted; the amount of payment; who will be released from the suit; what the release will entail; and what claims will be released. OCGA § 9-11-67.1(a)(1). The statute further provides that the offer

> *[m]ay* include a term requiring that in order to settle the claim the recipient shall provide the offeror a statement, under oath, regarding whether all liability and casualty insurance issued by the recipient that

6

provides coverage or that may provide coverage for the claim at issue has been disclosed to the offeror.

OCGA § 9-11-67.1(a) (3)(emphasis supplied).

The statute further provides:

(b)(1) Unless otherwise agreed by both the offeror and the recipients in writing, *the terms outlined in subsection (a) of this Code section shall be the only terms which can be included in an offer to settle made under this Code section.* (2) The recipients of an offer to settle made under this Code section *may accept the same by providing written acceptance of the material terms outlined in subsection (a)* of this Code section in their entirety.

OCGA § 9-11-67.1(b)(1), (2) (emphasis supplied). Additionally, "[n]othing in this Code section is intended to prohibit parties from reaching a settlement agreement in a manner and under terms otherwise agreeable to both the offeror and recipient of the offer." OCGA § 9-11-67.1(c).

We are also mindful that "settlement agreements must meet the same requirements of formation and enforceability as other contracts." *Torres v. Elkin*, 317 Ga. App. 135, 141(2) (730 SE2d 518) (2012) (citation modified). And, "[a] definite offer and complete acceptance, for consideration, create a binding contract." *Moreno v. Strickland*, 255 Ga. App. 850, 852(1) (567 SE2d 90) (2002) (citation modified).

"Whether a settlement is an enforceable agreement is a question of law for the trial court to decide." *Auto-Owners Ins. Co. v. Crawford*, 240 Ga. App. 748, 749(1) (525 SE2d 118) (1999). Furthermore, "[t]he law favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." *Newton v. Ragland*, 325 Ga. App. 371, 373(1) (750 SE2d 768) (2013) (citation modified). See also *Greenwald v. Kersh*, 275 Ga. App. 724, 726 (621 SE2d 465) (2005). Moreover, "the party asserting the existence of a contract has the burden of proving its existence and its terms." *Barnes v. Martin-Price*, 353 Ga. App. 621, 624(1) (838 SE2d 916) (2020) (citation modified). And, when we construe a statute, such as OCGA § 9-11-67.1, "we must presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172-73(1)(a) (751 SE2d 337) (2013) (citation modified). With these principles in mind, we address Gabrell's argument.

Here, Hancock offered to settle his claim under OCGA § 9-11-67.1, and the offer included the material terms set forth in the statute, along with the requirement that GEICO confirm that all coverage had been disclosed under subsection (a)(3). GEICO accepted Hancock's offer by providing written acceptance of all material

terms, specifically agreeing to OCGA § 9-11-67.1(b)(1), and providing Hancock with the disclosure regarding all available insurance. Thus, when GEICO sent the letter accepting the terms of the offer, a binding agreement was made. OCGA § 9-11-67.1(b)(1), (2).

The statute is clear that the *only material terms* to the formation of a binding agreement that could be included in the offer are set forth in sections (a)(1). OCGA § 9-11-67.1(b)(1). Section (a)(3) of the statute is optional and was included in Hancock's offer. However, OCGA § 9-11-67.1(a)(3) only requires GEICO to provide Hancock a statement under oath regarding the disclosure of other GEICO insurance. GEICO did just that. And, contrary to Hancock's contention otherwise, the plain language of the statute does not dictate the form of the statement or what procedures GEICO must employ to determine if all insurance it provides has been disclosed. Id. Nor does it require that the statement under oath regarding insurance coverage "adequately assure" Hancock that the disclosure requirements have been met. *Deal*, 294 Ga. at 172-73(1); OCGA § 9-11-67.1 (a)(3). Rather, all the statute requires is that the statement be made under oath. OCGA § 9-11-67.1(a)(3).

Furthermore, the plain language of the statute makes it clear Hancock cannot require terms more restrictive than the statutory language allows, *unless the parties agree* under OCGA § 9-11-67.1(a)(3) (an offer *"[m]ay* include a term" requiring the recipient to provide the offeror a statement, under oath, regarding whether available coverage "has been disclosed." But the statute does not include language requiring that such statement "assure" the offeror of such coverage disclosure.). OCGA § 9-11-67.1(b)(1) provides "[u]nless otherwise agreed by both the offeror and the recipients in writing, the terms outlined in subsection (a) of this Code section shall be the only terms which can be included in an offer to settle made under this Code section."). Under OCGA § 9-11-67.1(c), "[n]othing in this Code section is intended to prohibit parties from reaching a settlement agreement in a manner and under terms *otherwise agreeable to both* the offeror and recipient of the offer." Here, GEICO only accepted "all material terms," and it specifically agreed to the material terms in accordance with OCGA § 9-11-67.1(b)(1).[2]

---

[2] Although not required, GEICO did confirm that Gabrell was not acting in the scope of her employment when the accident occurred, nor did she have additional insurance policies issued by GEICO to cover the loss. OCGA § 9-11-67.1(a)(3) does not require GEICO to investigate whether Gabrell had insurance policies with any other insurance carrier.

Section (c) did not apply because there is no showing that the parties agreed to add other terms, and GEICO did not agree to "assure" Hancock that all liability insurance coverage had been disclosed. The statute does not include the language Hancock asserted in his offer, and thus GEICO was not bound by it. Hancock's insertion of the requirement that the disclosure "adequately assure" him that the requirements of the statute had been met would render section (a)(3) meaningless. This requirement is completely subjective and arbitrary, allowing Hancock to make a claim that no settlement was reached based solely on his indeterminate satisfaction. This undermines the clear language of OCGA § 9-11-67.1 and the legislative intent to circumvent a plaintiff's ability to exploit loopholes in the prior versions of the statute. See *Anderson v. Jones*, 365 Ga. App. 493, 497 (879 SE2119) (2022) (noting that, in this case, our interpretation of OCGA § 9-11-67.1(a) (2021) was consistent with the statute's codified purpose of curtailing a claimant's ability to set up a claim of bad faith against an insurance company by imposing requirements that rendered other terms of the statute meaningless).

Accordingly, in providing its written acceptance in accordance with OCGA § 9-11-67.1(b)(1), GEICO confirmed there were no other terms between the parties, its

disclosure was sufficient, and it did all it was required to do to accept the offer of settlement and create a binding settlement agreement. *Diaz v. Thweatt*, 373 Ga. App. 586, 591 (908 SE2d 22) (2024) (reversing denial of a motion to enforce settlement under former 2021 version of statute where offeree accepted all statutory material terms and the offer contained non-statutory terms). Thus, we conclude that a binding contract was formed between the parties, and we reverse the trial court's judgment.

*Judgment reversed. Doyle, P. J., and Padgett, J., concur.*